SHANE CLARK,

                Plaintiff,

v.                                              Case No. 22-cv-1081-pp

CO GESTA, LUDWIG,
and DR. YANG,

                Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE HIS FULL SIX-MONTH TRUST ACCOUNT STATEMENT

       The plaintiff, Shane Clark, who was incarcerated at Dodge Correctional Institution when he filed this complaint on September 19, 2022,[1] has filed a civil complaint and a motion for leave to proceed without prepaying the filing fee. Dkt. Nos. 1, 2. The plaintiff has also filed a trust account statement for one month and one day (August 2022 and September 2, 2022). Dkt. No. 3. On September 19, 2022, a deputy clerk sent the plaintiff a letter requesting that he file a certified copy of his institutional trust account statement for the past *six-months*. Dkt. No. 3. The plaintiff has not filed a copy of his trust account statement.

---

[1] The Wisconsin Department of Corrections Inmate Locator webpage shows that the plaintiff has been released to active community supervision on September 25, 2022. See appsdoc.wi.gov/lop/details/detail (last visited Oct. 24, 2022).

1

Because the plaintiff was incarcerated when he filed his complaint and because he has filed a petition for leave to proceed without prepaying the filing fee, the law requires him to submit a certified copy of his trust account statement from the institutions in which he was confined for the six months preceding the filing of this case. See 28 U.S.C. §1915(a)(2) (A prisoner "seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."). If the plaintiff was confined at more than one institution during the six months preceding the filing of the complaint, he must submit a trust account statement from each institution where he was confined during the six-month time period.

The court will give the plaintiff another opportunity to file a full, six-month trust account statement. The plaintiff must file the trust account statement in time for the court to *receive* it by the end of the day on **November 25, 2022**. If the court does not receive the plaintiff's trust account statement, or a letter explaining why he cannot submit it, by the end of the day on November 25, 2022, the court will dismiss this case without prejudice.

The court **ORDERS** that the plaintiff must provide the court with a certified copy of his trust account statement, or proof demonstrating that he cannot submit the trust account statement, by the end of the day on **November 25, 2022**. If the court does not receive either the trust account

2

statement or proof that the plaintiff cannot obtain the statement by the end of the day on November 25, 2022, the court will dismiss this case without prejudice without further notice or hearing.

Dated in Milwaukee, Wisconsin this 25th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:22-cv-01081-PP   Filed 10/25/22   Page 3 of 3   Document 6