UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE CLARK,

          Plaintiff,

v.                                    Case No. 22-cv-1081-pp

LUDWIG, CO GESTA,
and DR. YANG,

          Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO FILE TRUST ACCOUNT STATEMENT

On September 19, 2022, plaintiff Shane Clark filed a civil complaint (Dkt. No. 1), a motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) and a trust account statement covering one month and one day (August 2022 and September 2, 2022) (Dkt. No. 3).[1] That same day, the clerk's office sent the plaintiff a letter indicating that within twenty-one days he must file a certified copy of his institutional trust account statement for the six months prior to the date he'd filed the complaint. Dkt. No. 4. To date, the court has not received the six-month trust account statement, and it has been two and a half months since the clerk's office sent the letter.

---

[1] When the court received the plaintiff's complaint, he was incarcerated at Dodge Correctional Institution. The Wisconsin Department of Corrections Inmate Locator web page shows that on September 25, 2022, the plaintiff was released to active community supervision. See ppsdoc.wi.gov/lop/details/detail (last visited Nov. 30, 2022).

1

On October 25, 2022, the court issued an order explaining that because the plaintiff was incarcerated when he filed his complaint and because he had filed a petition for leave to proceed without prepaying the filing fee, the law required him to file a certified copy of his trust account statement from the institution in which he was confined for the *six months* preceding the filing of the complaint (April 2022 to September 2022). Dkt. No. 6 at 2. The court gave the plaintiff more time to file a full, *six-month* trust account statement, ordering that he must send it in time for the court to receive the statement by the end of the day on November 25, 2022. Id. The court ordered that if it did not receive the six-month trust account statement, or a letter explaining why the plaintiff could not provide it, by the end of the day on November 25, 2022, the court would dismiss the case without prejudice. Id.

By the time the court issued this order, the plaintiff had been released to community supervision. The court mailed the order to his home address in Beloit, Wisconsin. The order was not returned to the court as undeliverable; the court has no reason to believe that the plaintiff did not receive the order. Nor has the court heard from the plaintiff since September 19, 2022—almost two and a half months ago. The November 25, 2022 deadline has passed and the plaintiff has not provided the court with a six-month trust account statement or a letter explaining why he cannot provide it. The court will dismiss this case without prejudice.

The law requires any incarcerated individual who files a civil lawsuit to pay the statutory filing fee. 28 U.S.C. §1915(b)(1). The court will order the plaintiff to pay the $350 statutory filing fee.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the $350 statutory filing fee to the Clerk of Court.

Dated in Milwaukee, Wisconsin this 30th day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:22-cv-01081-PP   Filed 11/30/22   Page 3 of 3   Document 7